ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JACQUELINE MILAZZO on behalf of :
PASQUELENA A. RODRIGUEZ, :
                    **Plaintiff,** :
                     :        **05 Civ. 9218 (HB)**
      - against - :
                     :        <u>**OPINION & ORDER**</u>
JO ANNE B. BARNHART, :
**Commissioner of Social Security** :
                     :
               **Defendant.** :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[1]

    Jacqueline Milazzo ("Milazzo" or "Plaintiff's mother"), proceeding *pro se*, filed this action on behalf of her child, Pasqualena Rodriguez ("Plaintiff"), requesting that the Court review the Commissioner of Social Security's ("Commissioner") decision to dismiss Plaintiff's request of review of the Administrative Law Judge's ("ALJ") decision to deny her application for Supplemental Security Income ("SSI") benefits. The Commissioner has moved to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction as well as failure to state a claim. For the reasons set forth below, the motion to dismiss this claim is GRANTED.

                    **I.**        **PROCEDURAL HISTORY**

    The following facts are undisputed. Plaintiff's mother filed an application for SSI benefits, which was denied at the local Social Security office and also on reconsideration by the State Disability Determination Services office. She then requested an administrative hearing on December 16, 2003. By letter dated April 21, 2005, a hearing was scheduled for May 16, 2005 at 8:30 am. The letter informed Milazzo that she should contact the office if she could not attend the hearing. She failed to do so. Along with the letter, she was sent an acknowledgement form to sign and return to the office, which she also failed to do. On May 13, 2005, the SSI hearing office called and reminded Plaintiff's mother about the hearing on May 16, 2005. Plaintiff and her mother failed to appear for the May 16, 2005 hearing.

    The ALJ issued a Notice to Show Cause for Failure to Appear on May 16, 2005. The

---

[1] William Pollack, a Summer 2006 intern in my Chambers and second-year law student at the University of Michigan School of Law, provided substantive assistance in the research for this Opinion.

1

letter informed Milazzo that she must submit a written statement to the ALJ by May 26, 2005 that set forth a good reason for why she did not appear for the hearing. Milazzo did not respond to this notice and on June 20, 2005, the ALJ issued an Order of Dismissal.

On July 5, 2005, Plaintiff's mother requested an Appeals Council review of the Dismissal Order at which time she explained that "[t]here was a situation at the time of my appointment on May 16, 2005 that made the time difficult to meet." The Appeals Council denied the request for a review and on October 4, 2005, Milazzo filed this civil action in this Court.

## II. DISCUSSION

A civil action in federal court that challenges the denial of social security benefits can only be filed after "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The Supreme Court has explained that this statute "clearly limits judicial review to a particular type of agency action, 'a final decision of the Secretary made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g). See, e.g., Plagianos v. Schweiker, 571 F.Supp. 495, 497 (S.D.N.Y. 1983) ("[W]hen there was no hearing and determination of the merits by a final decision, there is nothing for the court to review . . . an application for judicial review fails to state a claim on which relief may be granted"); Lesane v. Apfel, 1999 WL 1288940, *2 (E.D.N.Y. 1999) (holding that the failure of the plaintiff to appear at a benefits hearing did not constitute a final decision).

Further, the plaintiff in this case has failed to raise a constitutional issue, and therefore cannot obtain judicial review on that basis. Cf. Crumble v. Secretary of Health and Human Services, 586 F.Supp. 57, 58-60 (E.D.N.Y.1984) (judicial review granted when the plaintiff raised due process concerns because he was not afforded an opportunity to explain his failure to appear at the hearing).

### III. CONCLUSION

Since there has not been a hearing in this matter, this court lacks subject matter jurisdiction to hear this case. Therefore, the Defendant's motion to dismiss is granted. But the Plaintiff remains free to file another application for SSI benefits and proceed through the administrative process. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**July 31, 2006**

_____
U.S.D.J.